IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-30007 |
| ) | |
| VICTOR C. JUAREZ, ) | |
| ) | |
| Defendant. ) | |

OPINION

RICHARD MILLS, United States District Judge:

Pending are the Defendant's amended motion and supplemental motion for compassionate release.

## I.   BACKGROUND

Following guilty pleas to one count each of Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2), and Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), Defendant Victor C. Juarez was sentenced by the Court on July 26, 2012, to serve 132 months' imprisonment, to be followed by a 20-year term of supervised release.

The Defendant has been in custody since June 1, 2012. His current projected release date is August 26, 2021.

The Defendant is a 34-year old man now serving his sentence at Philadelphia Residential Reentry Management Center. He suffers from hyperthyroidism and kyphosis scoliosis, in addition to various mental health conditions. While these conditions are not listed by the CDC as placing individuals at high risk for COVID-19, he asks the Court to consider the combination of conditions in determining his level of risk.

At the time of the Defendant's motion and supplements thereto, a considerable number of inmates and staff at Fort Dix, New Jersey, where he was then serving his sentence, had tested positive for COVID-19. The Defendant alleged the high rate of infection and numerous deaths within Bureau of Prisons (BOP) facilities, along with his health conditions and the circumstances created by the current pandemic, warranted the Court's discretion in considering his release to an early period of home confinement.

## II. DISCUSSION

Under the First Step Act, signed into law on December 21, 2018, defendants may now file motions for compassionate release after first exhausting administrative remedies within the BOP. *See* 18 U.S.C. § 3582(c)(1)(A). The law provides the sentencing judge with jurisdiction to consider a defense motion for reduction of sentence based on "extraordinary" or "compelling" reasons whenever "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of

Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]." *See* 18 U.S.C. § 3582(c)(1)(A). If properly invoked by the Government, the exhaustion requirement must be enforced. *See United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021).

The record shows that Defendant has met the statutory exhaustion requirement.

The First Step Act does not say what "extraordinary and compelling reasons" warrant a sentence reduction, but the compassionate release statute directs the Court to consider the sentencing factors of 18 U.S.C. § 3553(a) when deciding compassionate release motions. *See* 18 U.S.C. § 3582(c)(1)(A).

Because the Sentencing Guideline policy statement has not been updated since passage of the First Step Act to reflect that defendants (and not only the BOP) may move for compassionate release, there is no "applicable" policy statement concerning the expanded compassionate-release provision. *See United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). "The statute itself sets the standard: only 'extraordinary and compelling reasons' justify the release of a prisoner who is outside the scope of § 3582(c)(1)(A)(ii)." *Id*. Until U.S.S.G. § 1B1.13 is amended,

there is not an "applicable" policy statement for courts to rely on in considering prisoner-initiated applications for compassionate release. *See id.* at 1181.

Certainly, the COVID-19 pandemic is in and of itself an extraordinary and unprecedented event in our lifetimes. "The spread of the novel coronavirus, more specifically COVID-19, has presented extraordinary and unprecedented challenges for the nation and poses a serious issue for prisons." *United States v. Coles*, 2020 WL 1976296, *6 (C.D. Ill. Apr. 24, 2020). BOP reports that 233 inmates and four staff members have died from COVID-19, while 46,483 inmates and 6,250 staff have recovered. www.bop.gov/coronavirus (last visited April 20, 2021). However, "the mere existence of COVID-19 in society and possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). "Perhaps a prisoner could satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus." *United States v. Melgarejo*, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020); *see also United States v. Johnson*, 2020 WL 2573239, at *4 (C.D. Ill. May 21, 2020).

The Defendant does not have any conditions that are listed by the CDC as placing him at an enhanced risk of serious complications, including death, from

COVID-19. For that reason, the Court concludes that he has not established extraordinary and compelling reasons which would warrant release from imprisonment under 18 U.S.C. § 3582(c)(1)(A). The Court further believes that during the last few months of his imprisonment term, the Defendant can benefit from the community-based services that are offered to assist him with his re-entry needs. Accordingly, the Court finds he is not entitled to compassionate release.

Ergo, the amended motion of Defendant Victor C. Juarez for compassionate release [d/e 50] is DENIED.

The supplemental motion for compassionate release [d/e 53] is also DENIED.

The Clerk will terminate the Defendant's *pro se* motion for compassionate release [d/e 47].

ENTER: April 23, 2021

    FOR THE COURT:

    /s/ *Richard Mills*
    Richard Mills
    United States District Judge